UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESHA M. CARTER, | ) | CV F- 05-0211 OWW DLB P |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION RE |
| v. | ) ) | PLAINTIFF'S PRE-DISCOVERY MOTION FOR SUMMARY |
| ADKINSON, et al., | ) ) | JUDGMENT [DOC #14] |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and if forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On July 26, 2005, this Court ordered the United States Marshal to serve the amended complaint on D. Adkinson, the only defendant in this case. On August 12, 2005, plaintiff filed a motion for summary judgment, prior to service of the amended complaint on defendant and prior to defendant's appearance in this action. Plaintiff did not serve the motion for summary judgment on defendant nor did defendant's counsel receive electronic notice from the Court regarding the motion because defendant did not retain the Attorney General as counsel until October 3, 2005. *See* Defendant's opposition to motion for summary judgment at 3:12-16. On October 25, 2005, after service of the amended complaint, defendant filed an opposition to the motion for summary judgment indicating that he did not become aware of the motion until October 16, 2006. *Id.* Defendant argues the motion must be denied in that plaintiff did not serve him with the motion and it is premature because the Court did not open discovery in this case until February 2,

1  2006. On November 1, 2005, plaintiff filed a reply to defendants' opposition.

2  Summary judgment is appropriate when it is demonstrated that there exists no genuine issue
3  as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.
4  Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any," which it believes demonstrate
> the absence of a genuine issue of material fact.

8  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Pursuant to Local Rule 78-230(m), motions in
9  prisoner cases are deemed submitted twenty-eight (28) days after service of the motion or when a
10 reply is filed, whichever is later. If the required notice of a motion for summary judgment has not
11 been given, the Court generally lacks authority to grant the motion. *See Reese v. Sparks*, 760 F.2d
12 64, 66 (3d. Cir. 1985). Rule 56(f) of the Federal Rules of Civil Procedure provides:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party
> opposing the motion that the party cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court may refuse the application for
> judgment or may order a continuance to permit affidavits to be obtained or
> depositions to be taken or discovery to be had or may make such other order as is just.

16 Here, plaintiff filed his motion for summary judgment prior to service of the complaint on defendant
17 and did not serve defendant with his motion. Defendants only learned of the motion when plaintiff
18 filed a subsequent request to have the motion granted. Because defendant was never served with the
19 motion, it is defective and must be denied. Further, the Court only recently opened discovery in this
20 case by its February 2, 2006 order. Thus, plaintiff's pre-discovery motion for summary judgment is
21 premature because neither party has had an opportunity to perform discovery.

22  Based on the foregoing, the Court HEREBY RECOMMENDS that plaintiff's motion for
23 summary judgment be DENIED, without prejudice to refiling at a later date, after the parties have
24 had the opportunity to conduct discovery.

25  These Findings and Recommendations will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen **(15)**
27 **days** after being served with these Findings and Recommendations, plaintiff may file written

28

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

   **Dated:    February 22, 2006**                **/s/ Dennis L. Beck**
3c0hj8                                            UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

3